UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCOS DELMONTE, on behalf of himself and all other persons similarly situated, known and unknown, | )<br>)<br>) |
| Plaintiff, | ) Case No. 21-cv-06815<br>)<br>) |
| v. | )<br>) |
| BLUE LINE SECURITY SOLUTIONS LLC, | )<br>)<br>) |
| Defendant. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Marcos Delmonte ("Plaintiff"), through his attorneys, on behalf of himself and all other persons similarly-situated, known and unknown, files this Complaint against Blue Line Security Solutions LLC (hereinafter "Defendant"), and states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff and other hourly paid current and former employees of Defendant (hereafter "similarly-situated employees").

2. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated employees worked for Defendant in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime

lawsuit is attached hereto as Exhibit A.

4. Plaintiff brings his IMWL claim as a class action pursuant to Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

8. Plaintiff resides in and is domiciled in this judicial district.

9. Defendant is an Illinois limited liability company.

10. Defendant is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

11. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

12. Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

13. Defendant was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

14. Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

15. Plaintiff was Defendant's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

**BACKGROUND FACTS**

16.     Defendant is a private security company that provides security services to private and public sector clients throughout the Midwest.

17.     During the prior three (3) years, Plaintiff was paid by Defendant on an hourly basis.

18.     During the prior three (3) years, Plaintiff worked for Defendant in a non-exempt security role.

19.     In one or more weeks during the prior three (3) years, Plaintiff worked for Defendant in excess of forty (40) hours.

20.     In one or more weeks during the prior three (3) years, Defendant did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

21.     For example, Plaintiff worked sixty-four (64) hours in the one-week pay period ending October 30, 2021, at a regular rate of pay of $25/hour.

22.     In the one-week pay period ending October 30, 2021, Defendant paid Plaintiff $25/hour for the twenty-four (24) hours Plaintiff worked over forty (40), thereby failing to pay Plaintiff one and one-half times his regular rate of pay, $37.50/hour.

23.     For example, Plaintiff worked forty-eight (48) hours in the one-week pay period ending December 4, 2021, at a regular rate of pay of $18/hour.

24.     In the one-week pay period ending December 4, 2021, Defendant paid Plaintiff $19.50/hour for the eight (8) hours Plaintiff worked over forty (40), thereby failing to pay Plaintiff one and one-half times his regular rate of pay, $27/hour.

25.     In one or more weeks during the prior three (3) years, Defendant did not pay other similarly situated hourly employees overtime pay at a rate of one and one-half times their regular

3

rates of pay when they worked more than forty (40) hours per work week.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiff on his own behalf and on behalf of similarly-situated employees)**

26. Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27. This count arises from Defendant's willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for its failure to pay Plaintiff and other similarly-situated employees overtime wages at a rate of one and one-half times their regular rates of pay for all time worked over forty (40) hours during individual work weeks.

28. In one or more work weeks during the prior three (3) years, Plaintiff and similarly-situated employees worked for Defendant in excess of forty (40) hours per week.

29. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

30. In one or more work weeks during the last three (3) years, Defendant did not pay Plaintiff one and one-half times his regular rate of pay for the time he worked over forty (40) hours in individual work weeks.

31. Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

32. In one or more work weeks during the last three (3) years, Defendant did not pay one or more similarly-situated employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual work weeks.

33. Defendant violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

34. Defendant violated the FLSA by failing to pay one or more similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

35. As a direct and proximate result of Defendant's willful violations of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages.

36. Plaintiff and other similarly-situated employees are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendant as follows:

A. Designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. Liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. Such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

37. Plaintiff hereby realleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein

38. This count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq.*,

for its failure to pay Plaintiff and members of the overtime class he seeks to represent overtime pay at a rate of one and one-half times their regular rates of pay for all time worked in excess of forty (40) hours during individual work weeks.

39. During the prior three years, Defendant required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

40. Other similarly-situated employees were required by Defendant to work more than forty (40) hours in one or more individual work weeks.

41. For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times his regular rate of pay.

42. Defendant's other similarly-situated employees were entitled to be paid one and one-half times their regular rates of pay when they worked more than forty (40) hours in an individual work week.

43. Defendant did not pay Plaintiff overtime at one and one-half times his regular rate of pay during one or more individual work weeks.

44. Defendant did not pay similarly-situated employees overtime at one and one-half times their regular rates of pay during one or more individual work weeks.

45. The number of similarly-situated employees who worked for Defendant in Illinois in the prior three years and who were not paid overtime at one and one-half times their regular rates of pay when they worked more than forty (40) hours per week (the "Overtime Class") exceeds 40 individuals over the last three (3) years.

46. Defendant's failure to pay Plaintiff and the Overtime Class at one and one-half times their regular rates of pay when they worked more than forty (40) hours per week violated the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

47. This Count is brought pursuant to Fed. R. Civ. P. 23 because the Overtime Class is so numerous that joinder of all members is impracticable.

48. Plaintiff and the Overtime Class are equally affected by Defendant's overtime violations, and relief is sought for the benefit of Plaintiff and the Overtime Class Plaintiff seeks to represent.

49. The issues involved in this Count present common questions of law and fact.

50. Those common questions of law and fact predominate over any variations which may exist between members of the Overtime Class Plaintiff seeks to represent.

51. Plaintiff and the class of similarly-situated employees, on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed overtime wages plus penalties, interest, attorneys' fees, and the cost of the litigation.

52. The overtime violations alleged by Plaintiff are the result of Defendant's generally-applicable policies and practices, and the common questions presented will predominate over any individual questions in this action.

53. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the Overtime Class.

54. Plaintiff's counsel is highly-experienced in the prosecution of wage-and-hour class actions.

55. If individual actions were required to be brought by each member of the Overtime Class injured or affected by Defendant's overtime violations, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

56. A class action is a superior method for the fair and efficient adjudication of this

lawsuit and distribution of the common fund to which the Overtime Class is entitled.

57. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Overtime Class he seeks to represent are entitled to recover overtime wages for up to three (3) years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff and the Overtime Class pray for judgment against Defendant as follows:

A. A determination that his action may be maintained as a class action under Fed. R. Civ. P. 23;

B. A judgment in the amount of all overtime wages owed to Plaintiff and the overtime class members under the IMWL;

C. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

E. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 22, 2021 | /s/ Douglas M. Werman |
|  | Douglas M. Werman |
|  | Bernard K. Schott |
|  | **WERMAN SALAS P.C.** |
|  | 77 W. Washington St., Ste. 1402 |
|  | Chicago, Illinois 60602 |
|  | (312) 419-1008 |
|  | dwerman@flsalaw.com |
|  | bschott@flsalaw.com |

*Attorneys for Plaintiff*