THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCOS DELMONTE, on behalf of himself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> BLUE LINE SECURITY SOLUTIONS LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 21-cv-06815 <br><br> Judge Manish S. Shah |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF A CLASS AND COLLECTIVE ACTION SETTLEMENT**

On February 23, 2023, the Court held a final fairness hearing and heard Plaintiff's unopposed motion for final approval of a class and collective action settlement. The Court has read and considered the Unopposed Motion for Final Approval of a Class and Collective Action Settlement and Plaintiff's Petition for an Award of Attorney's Fees and Litigation Expenses, and other related material submitted by Plaintiff, has heard the Parties' presentation at hearing on final approval, and is otherwise fully informed in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined herein, all terms in this Order (the "Final Approval Order") will have the same meaning as defined in the Collective and Class Action Settlement Agreement ("Settlement Agreement").

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Settlement Class Members defined in the Settlement Agreement as:

> All persons identified in the mediation data produced by Defendant, who were employed by Defendant in Illinois in an hourly, non-exempt security guard role, from December 22, 2018 and January 1, 2022, who did not receive overtime compensation at a rate of one and one-half times their regular rate for hours worked over forty in an individual workweek.

In the Court's November 2, 2022 Order granting preliminary approval of the settlement, the Court also determined that the Settlement of the Fair Labor Standards Act ("FLSA") collective action is approved as a fair and reasonable resolution of a bona fide dispute in this contested litigation. ECF No. 40, ¶ 2.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Settlement Class based on the findings in its July 26, 2022 Order (ECF No. 24), the Preliminary Approval Order (ECF No. 40), and in the absence of any objections from Settlement Class Members to such certification.

4. No Class Member timely requested exclusion from the Settlement.

5. No Class Member objected to the Settlement.

6. The Court confirms as final the appointment of Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., as class counsel for the Class Members pursuant to Federal Rule of Civil Procedure 23.

7. The Court finds that the Notice of Settlement that was distributed to Settlement Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e)(2), this Court hereby grants the Unopposed Motion for Final Approval of a Class and Collective Action Settlement and finally approves the Settlement Agreement as set forth therein. The Court finds that the Settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of

the Settlement Class Members. The Court finds that: (a) the Class Representative and Class Counsel, who have significant experience representing parties in complex wage and hour class actions, have adequately represented the Settlement Class Members; (b) the Settlement was reached pursuant to arm's-length negotiations between the parties with the assistance of a mediator; (c); the parties have shown that the Gross Settlement Amount of $416,546.11 set forth in the Settlement Agreement is adequate when considering (i) the costs, risks, and delay of trial and appeal, (ii) the method for distributing relief to the Settlement Class Members, including the method for processing the Settlement Class Members' claims, was effective, with there being no objections to the Settlement from any of the Settlement Class Members (iii) the attorneys' fees awarded to Class Counsel, including the timing of payment are fair; (iv) the terms of the Settlement Agreement have been properly identified; and (v) and the Settlement treats all Settlement Class Members equitably relative to each other.

9. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Settlement Class Members and to all FLSA Class Members are fair, reasonable and adequate, and the Settlement Administrator shall issue Settlement Checks to Class Members consistent with allocation described in Section III.8 of the Settlement Agreement.

10. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement (ECF No. 38-1).

11. Class Counsel's request for attorneys' fees in the amount of $138,848.70 and for litigation expenses in the amount of $513.08 are approved.

12. The Court approves and finds reasonable the Service Award to Named Plaintiff in the amount of $7,500. This award is in addition to the payment he will receive as his ratable share of the Net Settlement Amount as a Settlement Class Member.

13. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $7,683 from the Gross Settlement Amount.

14. Pursuant to Section III.3.b of the Settlement Agreement (ECF No. 38-1), Defendant is hereby ordered to deposit the Gross Settlement Amount into the Qualified Settlement Fund established by the Settlement Administrator by no later seven (7) Court days after the Effective Date. Defendant shall deposit the employer's share of applicable payroll taxes into the Qualified Settlement Fund as directed by Section III.7.g. of the Settlement Agreement. ECF No. 38-1.

15. This Action is dismissed without prejudice. The dismissal without prejudice will convert to a dismissal with prejudice sixty days after Defendant has fully funded the Qualified Settlement Fund with the Gross Settlement Amount and the employer share of payroll taxes.

16. The Court retains jurisdiction over the Action for the purpose of interpreting, implementing, and enforcing the terms of the Settlement Agreement.

SO ORDERED

DATED: 2/23/2023

MANISH S. SHAH
United States District Judge